IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 OCT 25  A 10: 36

| | | |
|---|---|---|
| REBECCA W. MOULTRIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:06-CV-964-ID-VPM |
| | ) | |
| H&R BLOCK MORTGAGE CORP., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

## PARTIES

**1.**     Plaintiff **REBECCA W. MOULTRIE** is an individual over the age of nineteen (19) years and resides in Montgomery County, Alabama.

**2.**     Defendant **H&R BLOCK MORTGAGE CORPORATION (H&R BLOCK)** is a Massachusetts corporation qualified to do business in Alabama.

## JURISDICTION and VENUE

**3.**     This court has federal question jurisdiction over the issues herein pursuant to 15 U.S.C. § 1601 *et. seq.,* the Truth In Lending Act, and 12 U.S.C. § 2601, the Real Estate Settlement Procedures Act.

**4.**     The court has pendent jurisdiction over the state law claims contained herein.

**5.**     The Court has personal jurisdiction over Plaintiff as a resident of Montgomery County, Alabama.

**6.**     The Court has personal jurisdiction over the Defendant as a qualified Alabama corporation.

7.    Venue is proper in this Court in that Plaintiff is a resident of Montgomery County, Alabama; the real property made the basis of this action is situated in Montgomery County, Alabama; the transaction made the basis of this action occurred in Montgomery County, Alabama; and the Defendant has engaged in continual and systematic business dealings within Montgomery County, Alabama.

## FACTUAL ALLEGATIONS

8.    Sometime before October 26, 2005, Plaintiff made application for a refinance of the existing mortgage loan on her property located at 4513 Sawston Ct., Montgomery, Alabama 36116-4911.

9.    On or about October 26, 2005, Plaintiff closed on the mortgage loan at issue in this case. Defendant H&R BLOCK is identified as the lender on the loan number 261054402.

10.    The Defendant failed to provide the Plaintiff with the proper number of Right to Cancel forms at the time of closing as required by 15 U.S.C. § 1635 *et. seq.*

11.    The transaction included excessive and junk fees.

## COUNT I
### Negligence

12.    Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

13.    The Defendant was negligent in the closing of Plaintiff's mortgage loan. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

14.    The Defendant negligently performed quality control on loan files it originated, processed, underwrote, closed, funded, and/or purchased. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent the Defendant's conduct was reckless or wanton, Plaintiff seeks punitive damages.

2

**15.**    Defendant H&R BLOCK negligently managed, supervised, trained and/or instructed its agent in the closing of mortgage loans. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**16.**    Defendant H&R BLOCK negligently failed to conduct reasonable due diligence with regard to its closing agency before contracting with it to close mortgage loans. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**17.**    Defendant breached its legal, contractual and/or assumed duty of reasonable care to the Plaintiff. As a proximate result, Plaintiff was injured as set forth below. To the extent Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment from the Defendant for compensatory and punitive damages in an amount to be awarded by a jury.

## COUNT II
### Negligent Supervision

**18.**    Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**19.**    Defendant H&R BLOCK negligently trained and/or supervised its agents and employees. Defendant failed to promulgate, implement, communicate and enforce rules, systems and/or procedures which, if reasonable, would have prevented the wrongful conduct afore-stated. As a direct and proximate result, Plaintiff was damaged as set out below. To the extent the Defendant's conduct was reckless, wanton, or part of a pattern and practice of misinforming and deceiving consumers, Plaintiff seeks punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment from the Defendant for compensatory and punitive damages in an amount to be awarded by a jury.

## COUNT III

### Negligence Per Se

**20.**    Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**21.**    Defendant violated various provisions of 15 U.S.C. § 1601 *et. seq.*, the Truth in Lending Act, and 12 U.S.C § 2601, the Real Estate Settlement Procedures Act. These Acts are intended for the benefit of the special class of citizens to which Plaintiff belongs. The conduct of the Defendant damaged Plaintiff and amounts to Negligence Per Se.

**WHEREFORE, PREMISES CONSIDERED** Plaintiff demands compensatory and punitive damages as set forth below.

## COUNT IV

### Violations of the Federal Truth in Lending Act

**22.**    Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**23.**    Defendant H&R BLOCK, through its agents and employees, violated or failed to comply with the federal Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* and its implementing Regulation Z by failing to provide complete, accurate, proper and timely disclosures under the Act. While not meant to be exhaustive of all violations of TILA, Plaintiff alleges Defendant violated the following:

> *15 U.S.C. § 1635(a); § 226.2(a)(11); § 226.23(a)(3); and § 226.23(b)(1) of*
> ***Regulation Z***:  Defendant failed to provide the required number of accurately completed Right to Cancel forms to Plaintiff.

**WHEREFORE,** Plaintiff demands rescission of the subject note and mortgage, and a monetary judgment against Defendants for the maximum statutory damages; actual damages including refund of all finance charges; compensatory damages for mental anguish, emotional distress, humiliation, and embarrassment; and, the costs of this proceeding and reasonable attorney's fees.

## COUNT V

### Damages

**24.**    Plaintiff adopts and re-alleges all paragraphs as if fully restated herein.

**25.**    Defendant's wrongful conduct as stated above proximately injured Plaintiff as follows:

      **a.**    Plaintiff suffered and will continue to suffer substantial economic loss and expense.

      **b.**    Plaintiff suffered and will suffer in the future emotional distress, mental anguish, humiliation, and embarrassment.

**26.**    To the extent Defendant's wrongful conduct was reckless, intentional, wanton, or part of a pattern and practice to misinform or deceive, Plaintiff is entitled to and demands punitive damages.

### PRAYER FOR RELIEF

**27.**    Plaintiff adopts and re-alleges all paragraphs above as if fully restated herein.

**28.**    Plaintiff demands judgment as set out below from the Defendant:

      **a.**    Compensatory and actual damages in an amount to be awarded by a jury;

      **b.**    Punitive damages in an amount to be awarded by a jury under each claim made by Plaintiff whereby punitive damages are recoverable;

      **c.**    Actual damages including twice the amount of all finances charges in connection with the transaction;

      **d.**    Maximum statutory damages (including doubled damages as allowed) under TILA;

      **e.**    Post-judgment interest;

      **f.**    Costs of this proceeding; and,

      **g.**    Reasonable attorney's fees.

Respectfully Submitted,

ROBERT E. KIRBY, JR. (KIR013)
Attorney for Plaintiff
SMITH, HANSON & KIRBY, LLC
4401 Gary Ave.
Fairfield, AL 35064
Telephone:    (205) 786-3775
Fax:             (205) 780-8540
Email:          bekatty@bellsouth.net


**PLAINTIFF HEREBY DEMANDS A STRUCK JURY IN THE TRIAL OF THIS CAUSE**

OF COUNSEL


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL, RETURN RECEIPT, AS FOLLOWS:**

H&R BLOCK MORTGAGE CORPORATION
c/o THE CORPORATION COMPANY, Registered Agent
2000 INTERSTATE PARK DR., STE. 204
MONTGOMERY, AL 36109