# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| REBECCA W. MOULTRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 2:06-CV-964-ID-VPM |
| H&R BLOCK MORTGAGE CORP., ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DISMISS

**COMES NOW** the defendant, H&R Block Mortgage Corporation ("H&R Block" or "defendant") and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves this Honorable Court to dismiss Counts I and II of plaintiff's Complaint. In support of this motion, H&R Block says as follows:

1. The plaintiff alleges in this case that she refinanced her home mortgage loan through H&R Block on October 26, 2005. (Complaint, ¶¶ 8-9).

2. As a result of this transaction, plaintiff has asserted claims against H&R Block in Counts I and II of her Complaint for negligence and negligent supervision.[1]

---

[1] In Count IV, plaintiff has also asserted a claim under the Truth in Lending Act based on defendant's alleged failure to provide her with the proper number of Right to Cancel forms, and in Count III, plaintiff has asserted a negligence claim based on defendant's alleged failure to comply with TILA. At this time, H&R Block does not move to dismiss these two claims.

617969-2

3. More specifically, plaintiff contends in Count I that H&R Block (1) "negligently performed quality control on loan files it originated, processed, underwrote, closed, funded, and/or purchased," (2) "negligently managed, supervised, trained and/or instructed its agent in the closing of mortgage loans," and (3) "negligently failed to conduct reasonable due diligence with regard to its closing agency before contracting with it to close mortgage loans." (Complaint, ¶¶ 14-16).

4. Similarly, in Count II, plaintiff alleges that H&R Block "negligently trained and/or supervised its agents and employees," and "failed to promulgate, implement, communicate and enforce rules, systems and/or procedures which, if reasonable, would have prevented the wrongful conduct afore-stated." (Complaint ¶ 19).

5. Plaintiff's negligence and negligent supervision claims are due to be dismissed because plaintiff is unable to establish that defendant owed her a duty of care as alleged in Counts I and II of her Complaint.

6. The law is clear that in order "for one to maintain a negligence action the defendant must have been subject to a legal duty." Prickett v. U.S., 111 F. Supp. 2d 1191, 1195 (M.D.Ala. 2000). In Graveman v. Wind Drift Owners' Ass'n, 607 So. 2d 199, 203 (Ala. 992), the Alabama Supreme Court explained:

> [B]efore liability for negligence can be imposed, there must be a legal duty owed to the person injured or to a class of persons to which the plaintiff belongs, and a breach of that duty, proximately resulting in the injury. The existence of a duty to the plaintiff is fundamental to a negligence claim. **There must be either an underlying common law duty or a statutory duty of care with respect to the allegedly tortious conduct.**

(emphasis supplied).

7. Assuming plaintiff's factual allegations in the Complaint are true, plaintiff is nevertheless unable to establish that H&R Block was subject to an underlying common law duty or a statutory duty of care with respect to the allegedly tortious conduct set forth in Counts I and II.

8. First, the common law is clear that there is no special relationship or duty of care that arises simply from the mortgagor – mortgagee relationship. See Collier v. Wells Fargo Home Mortgage, 2006 WL 1464170, at *8 (N.D.Tex. May 26, 2006) (holding that "there is no special relationship between a mortgagor and mortgagee" and that "there is no duty of care that arises from Plaintiffs' mortgage contracts that would support a claim of negligence or negligent misrepresentation"); Gage-Wilson v. Chase Manhattan Mortgage Corp., 2006 WL 1431047, at *3 (N.D.Ill. May 17, 2006) (holding that no special duty arises from the "ordinary mortgagor-mortgagee relationship"). See also University Federal Credit Union v. Grayson, 878 So. 2d 280, 290 (Ala. 2003) ("Traditionally, the creditor-debtor relationship between a bank and its customer does not impose a

fiduciary duty of disclosure on a bank."); <u>Faith, Hope and Love, Inc. v. First Alabama Bank</u>, 496 So. 2d 708, 711 (Ala. 1986) ("Courts have traditionally viewed the relationship between a bank and its customer as a creditor-debtor relationship which does not impose a fiduciary duty of disclosure on the bank.").

9. Second, there is no general statutory duty of care (and plaintiff cites no such authority in Counts I and II of her Complaint) which mandates the standard by which H&R Block must perform quality control or supervisory functions as alleged in this case.

10. Accordingly, plaintiff is unable to establish that defendant owed her a duty of care with respect to the allegations in Counts I and II of her Complaint, and these claims are therefore due to be dismissed.

        Respectfully submitted,

        /s/ Stephen A. Walsh
        Stephen A. Walsh
        Attorney for Defendant
        H&R Block Mortgage Corporation

**OF COUNSEL:**

ADAMS AND REESE LLP
2100 Third Avenue North, Suite 1100
Birmingham, AL  35203-3367
Telephone:   (205) 250-5000
Facsimile:   (205) 250-5034
Email:        stephen.walsh@arlaw.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 29th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert Edward Kirby, Jr.
Smith, Hanson & Kirby, LLC
4401 Gary Ave.
Fairfield, AL 35064

            /s/ Stephen A. Walsh
            OF COUNSEL