# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| REBECCA W. MOULTRIE,            ) | |
|                       )| |
|     Plaintiff,          ) | |
|                       ) | CIVIL ACTION NO. |
| v.                              ) | |
|                       ) | 2:06-CV-964-ID-VPM |
| H&R BLOCK MORTGAGE CORP.,       ) | |
|                       ) | |
|     Defendant.          ) | |

## ANSWER OF DEFENDANT H&R BLOCK MORTGAGE CORPORATION

**COMES NOW** the defendant H&R Block Mortgage Corporation ("H&R Block") and for answer to plaintiff's Complaint filed in this matter states as follows:

## FIRST DEFENSE

The paragraphs below correspond to the same-numbered paragraphs in the Complaint. Unless specifically admitted herein, all allegations set forth in the Complaint are expressly denied.

## Parties

1. Admitted, on information and belief.

2. Admitted.

621559-1

## Jurisdiction and Venue

3-7.    The allegations in paragraphs 3 through 7 are conclusions of law that require no response from this defendant.

## Factual Allegations

8.    Admitted.

9.    Admitted.

10.    Denied.

11.    Denied.

12-19.    Plaintiff has voluntarily dismissed Counts I (negligence) and II (negligent supervision) of her Complaint.  Accordingly, no response is required for paragraphs 12-19.  To the extent a response is deemed required, such allegations are expressly denied.

## COUNT III
## Negligence Per Se

20.    H&R Block readopts and realleges its responses to paragraphs 1 through 19 above.

21.    Denied.

## COUNT IV
## Violations of the Federal Truth in Lending Act

22.    H&R Block readopts and realleges its responses to paragraphs 1 through 21 above.

23.  Denied.

## COUNT V
## Damages

24.  H&R Block readopts and realleges its responses to paragraphs 1 through 23 above.

25.  Denied.

26.  Denied.

## PRAYER FOR RELIEF

27.  H&R Block readopts and realleges its responses to paragraphs 1 through 26 above.

28.  Denied.

## SECOND DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

H&R Block pleads not guilty to the allegations made against it in the Complaint.

## FOURTH DEFENSE

Plaintiff's claims are barred by her own contributory negligence.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## SIXTH DEFENSE

To the extent plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than H&R Block, including plaintiff's own contributory negligence.

## SEVENTH DEFENSE

Plaintiff's claims are barred to the extent they are based on the acts of third parties over whom H&R Block had no control or right of control, or for whom it is not responsible.

## EIGHTH DEFENSE

H&R Block pleads the applicable statute of limitations to each of plaintiff's claims.

## NINTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, set off, recoupment, estoppel, laches, and equitable subrogation.

## TENTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrines of accord and satisfaction, payment, and/or release.

## ELEVENTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrines of ratification, consent, and acquiescence.

## TWELFTH DEFENSE

Plaintiff has not suffered any injury by reason of any act or omission by H&R Block and does not have any right or standing to assert the claims at issue.

## THIRTEENTH DEFENSE

Plaintiff's claims fail, in whole or in part, because plaintiff has suffered no damages.

## FOURTEENTH DEFENSE

Plaintiff's recovery under the claims alleged in the Complaint is barred and/or limited due to plaintiff's failure to mitigate her alleged damages.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands and other equitable doctrines.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred because she accepted the benefit of the transaction at issue.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the terms of the promissory note and mortgage which she signed.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the Statute of Frauds and/or the parole evidence rule.

### NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the plaintiff's voluntary payment of the sums at issue.

### TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the plaintiff's binding, voluntary agreement to the terms and conditions of the loan at issue.

### TWENTY-FIRST DEFENSE

Some or all of plaintiff's claims are barred under the economic loss rule.

### TWENTY-SECOND DEFENSE

H&R Block's actions were justified and are immune from liability.

### TWENTY-THIRD DEFENSE

H&R Block is not liable because it acted in good faith at all times and in conformity with applicable rules, regulations, and statutory interpretations.

## TWENTY-FOURTH DEFENSE

H&R Block affirmatively invokes and asserts all defenses and rights created by and under the Truth-in-Lending Act (TILA), 15 U.S.C. §§ 1601, et seq., including, but not limited to, the following defenses: the one-year statute of limitations; good faith conformity with Federal Reserve Board rulings, regulations and interpretations; bona fide efforts to prevent and/or correct error; unintentional violations; and bona fide errors notwithstanding the maintenance of procedures reasonably adopted to avoid any error.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages in this case would violate this defendant's rights under the Constitutions of the United States of America and/or the State of Alabama.

## TWENTY-SIXTH DEFENSE

The defendant provided the plaintiff with the Notice of the Right to Cancel, as required under TILA, and the rescission period afforded thereby has expired.

## TWENTY-SEVENTH DEFENSE

Some or all of plaintiff's claims are preempted by federal law and/or the Alabama Consumer Credit Protection Act, Ala. Code § 5-19-1, *et seq.*

H&R Block reserves the right to amend this Answer and/or assert additional defenses as discovery progresses in this case. To the extent that any of

the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

                        Respectfully submitted,

                        /s/ Stephen A. Walsh
                        Stephen A. Walsh
                        Attorney for Defendant
                        H&R Block Mortgage Corporation

**OF COUNSEL:**

ADAMS AND REESE LLP
2100 Third Avenue North, Suite 1100
Birmingham, AL  35203-3367
Telephone:   (205) 250-5000
Facsimile:   (205) 250-5034
Email:       stephen.walsh@arlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of December, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Robert Edward Kirby, Jr.
    Smith, Hanson & Kirby, LLC
    4401 Gary Ave.
    Fairfield, AL 35064

                        /s/ Stephen A. Walsh
                        OF COUNSEL